UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-24744-Civ-COOKE/GOODMAN

ANTONIO BYRD,

    Plaintiff,

vs.

MIAMI DADE COUNTY,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS MATTER is before me on the Motion to Dismiss ("Motion") (ECF No. 12) filed by Defendant Miami Dade County. The Motion is fully briefed and ripe for review. For the reasons stated herein, the Motion is granted.

### I. BACKGROUND

Plaintiff is a disabled African American male who is employed by Defendant Miami Dade County. ECF No. 1, at ¶¶ 5, 8. Plaintiff is assigned to the Corrections and Rehabilitation Detention Center ("the Center"), where the general population of inmates is housed. *Id.* at ¶ 8. Inmates who suffer from psychiatric issues are supposed to be housed at a separate facility, "in a special unit designed to address the needs of the mental health population." *Id.* at ¶ 10. In June 2016, Plaintiff made several complaints regarding the Center's failure to properly classify the psychiatric inmates. *Id.* at ¶ 9.

On February 25, 2018, an improperly classified inmate with psychiatric and behavioral problems physically attacked Plaintiff. *Id.* at ¶ 11. Plaintiff was injured and went on medical leave for six weeks. *Id.* Plaintiff alleges that he had previously warned Defendant about the inmate's being misclassified in the general population. *Id.* When Plaintiff returned from medical leave, he was placed back in the general population. *Id.* at ¶ 12. Plaintiff alleges that the misclassification of the psychiatric inmates worsened, and when inmates were sent to be evaluated on their mental health, they were improperly returned to Plaintiff's unit. *Id.*

In April 2018, Plaintiff filed complaints with the Internal Affairs Unit and other agencies alleging "the retaliation and discrimination of the Defendant." *Id*. at ¶ 13. Plaintiff also states that he made several written and verbal complaints regarding "both his safety and the safety of his co-workers [in the workplace] due to his medical diagnosis, [and the] hardship that it presented for him, and [alleging] that he was being retaliated against by the staff." *Id*. at ¶ 15. Plaintiff filed a Notice of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 19, 2018, and received a right-to-sue letter. ECF No. 13, at pp. 7–8. Plaintiff then filed his Complaint on November 13, 2018. ECF No. 1. Plaintiff did not include the EEOC documents in his Complaint, but did so later in his Response in Opposition to the Motion to Dismiss ("Response"), ECF No. 13, at pp. 7–8.

Plaintiff alleges that he has faced and continues to face discrimination and retaliation from Defendant. ECF No. 1, at ¶ 15. Plaintiff alleges that Defendant has a history of failing to train, supervise, and discipline its employees for "unlawful discrimination and retaliation in the workplace even though it had notice of the unlawful conduct." *Id*. at ¶ 16. Plaintiff alleges that Defendant has an "intentionally inadequate investigative process," as well as a "consistent lack of accountability." *Id*. at ¶¶ 19, 20. According to Plaintiff, "[t]he resulting culture of discrimination and retaliation promotes workplace hostility." *Id*. at ¶ 20.

In sum, Plaintiff alleges that Defendant's "deliberate indifference, failure to train, failure to effectively supervise, and its permission (and toleration of) the patterns and practices . . . were the moving forces causing the serious injuries to Plaintiff and the violation of Plaintiff's Constitutional Rights." *Id*. at ¶ 24. Based on these allegations, Plaintiff brings the following claims against Defendant: Count I, for disability discrimination under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act; and Count II, for racial discrimination under Title VII of the Civil Rights Act.

In the instant Motion, Defendant argues that the Complaint should be dismissed for various reasons: First, Plaintiff did not provide sufficient factual allegations to support his claims for discrimination based on disability and race. Second, Plaintiff's Complaint is a shotgun pleading, in that it is difficult to ascertain which factual allegations support which claims. Third, Plaintiff failed to allege in the Complaint that he filed a discrimination charge with the EEOC and received a right-to-sue letter. Lastly, Plaintiff's allegations fall outside the scope of the filed EEOC charge.

## II. LEGAL STANDARDS

### A. Motion to dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679.

### B. Shotgun pleadings

A shotgun pleading is one in which "it is virtually impossible to know which allegations of fact are intended to support which claims for relief." *Anderson v. District Bd. of Trustees of Cent. Fla. Community College*, 77 F.3d 364, 366 (11th Cir. 1996).

 A proper complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming." *Id*. Shotgun pleadings violate the Federal Rules of Civil Procedure because they are "in no sense the 'short and plain statement of the claim' required by Rule 8." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (citing Fed. R. Civ. P. 8(a)(2)).

### C. Exhaustion of administrative procedures

"Before instituting a Title VII action in federal district court, a private plaintiff must file an EEOC complaint against the discriminating party and receive statutory notice from the EEOC of his or her right to sue the respondent named in the charge." *Forehand v. Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1567 (11th Cir. 1996); *see also* 42 U.S.C. § 2000e-5(f)(1). "[A] plaintiff must generally allege in [her] complaint that 'all conditions precedent to the institution of the lawsuit have been fulfilled.'" *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982) (citing Fed. R. Civ. P. 9(c)).

### III. DISCUSSION

#### A. Plaintiff fails to plead factual allegations to support his claims

Plaintiff's Complaint is filled with legal conclusions such as "race discrimination," "retaliation," and "work place hostility and harassment," but is devoid of any concrete facts support those conclusions. In Count I, Plaintiff asserts that Defendant engaged in "[s]uch acts [that] constitute discrimination against an individual based on their disability in violation of the Rehabilitation Act and Title II of the ADA." ECF No. 1, at ¶ 33. However, Plaintiff never identifies what "such acts" are, when or where they occurred, and who specifically committed them.

Similarly, Plaintiff alleges retaliatory conduct, but he never explains *how* he was retaliated against. *Id*. at ¶ 35. While Plaintiff alleges that Defendant "denied him the benefits of his employment," he never explains what benefits he was denied. *Id*. at ¶ 34. Plaintiff's only effort to support his discrimination and retaliation claims is by alleging that Defendant failed "to provide a non-abusive, safe-working [*sic*] environment within the County that [would] allow employees to maintain employment within the agency." *Id*. at ¶ 36. The last part of this allegation is contradicted by Plaintiff's claim that he is currently employed by Defendant. *Id.* at ¶ 32. Even though Plaintiff alleges that he complained about his workplace safety on several occasions, that does not support a disability discrimination claim.

Count II does not fare any better. Plaintiff alleges in conclusory fashion that "Defendant continuously discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, by depriving him of his constitutional right to equal protection of the laws." *Id*. at ¶ 42. Plaintiff further alleges that he was "retaliated and harassed by the staff in violation of Title VII." *Id*. at ¶ 53. However, Plaintiff does not offer any factual support for these claims. The only factual allegation that Plaintiff repeatedly provides is that Defendant failed to keep the facility safe, but that does not support Plaintiff's allegations that he was harassed, or that he was racially discriminated or retaliated against.

#### B. Plaintiff's Complaint is a classic shotgun pleading

The Complaint not only fails to provide sufficient facts as discussed above, but it also fails to connect the facts that it does state to the specific counts. As a result, it is impossible to determine which general allegations are supposed to support which claims. *See, e.g.*, *Luna v. Bridgevine, Inc.*, 2016 U.S. Dist. LEXIS 3523, at *8 (S.D. Fla. Jan. 12, 2016) (dismissing a

4

complaint in which the plaintiff alleged a failure to provide a safe work environment, but "fail[ed] to clarify whether his claim pertain[ed] to discrimination, harassment, or retaliation, all of which [were] referenced in preceding paragraphs one through twenty-three").

### C. The Complaint fails to allege exhaustion of administrative procedures

Plaintiff does not allege in his Complaint that he filed a discrimination charge with the EEOC or that he timely filed suit after receiving a right-to-sue letter. *See Fla. State Hosp. at Chattahoochee*, 89 F.3d at 1567 (a plaintiff must exhaust the administrative procedures before instituting a Title VII action). Plaintiff did later include the documents in his Response (ECF No. 13, at pp. 7–8), but should have done so in the Complaint itself. *See Seaboard Coast Line R.R. Co.*, 678 F.2d at 1010 (a plaintiff must "allege *in his complaint* that 'all conditions precedent to the institution of the lawsuit have been fulfilled'" (emphasis added) (quoting Fed. R. Civ. P. 9(c))). Also, because Plaintiff never states when he received the right-to-sue letter, it is impossible to determine if Plaintiff filed a timely suit. *See* ECF No. 13, at p. 9 (stating that Plaintiff "must file a lawsuit against the respondent(s) named in the charge within 90 days of the date [he] receive[s] this letter").

Additionally, the Complaint alleges violations that are not listed in the EEOC charge. Defendant points out that Plaintiff's EEOC documents "[reveal] that the entire Complaint [is] outside the scope of the EEOC charge because the charge alleges a violation of the Florida and Federal Whistleblower Acts. The Charge does not allege a violation of Title VII or the ADA at all." EFC No. 14, at p. 4. If Plaintiff were to file an amended complaint, it would need to be within the limits set forth in the original EEOC charge, or it would be administratively barred.

### IV. CONCLUSION

For all the reasons set forth above, it is hereby **ORDERED and ADJUDGED** that Defendant's Motion to Dismiss (ECF No. 12) is **GRANTED**. This case is **DISMISSED** *without prejudice*. The Clerk of Court shall **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in Chambers, Miami, Florida, this 12th day of September 2019.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of record*